SAM RIVETTE V. STATE OF NEBRASKA.

FILED MARCH 1, 1935. No. 29399.

*J. A. Hayward,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Paul P. Chaney, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and THOMSEN, District Judge.

CARTER, J.

The evidence in this case is for all practicable purposes the same as in the case of *Dean v. State, ante,* p. 466. They were argued together in this court and present identical assignments of error, except that in-

struction No. 14 in the present case varies from the corresponding instruction given in the *Dean* case to such an extent as to require the consideration of this court.

Instruction No. 14 given by the trial court in the case at bar is as follows: "The court further instructs the jury that where three persons determined to resist arrest in case an attempt to arrest them is made, and said persons deliberately supplied themselves with arms and weapons for the purpose of killing any one who might be attempting to arrest, and in an encounter which followed an attempt to arrest the persons a third person was killed, all three of said persons are guilty of murder in the first degree, providing that you find beyond a reasonable doubt that said killing was done purposely, deliberately and of their premeditated malice."

It will be noted from this instruction that the jury were not told in concise language that the killing must have been committed by one of the three persons engaged in the unlawful act. The words "by one of them" used in the *Dean* case were apparently omitted by inadvertence. The defendant contends that this is prejudicial error. The first and second instructions set out in *Dean v. State, ante,* p. 466, were given in the identical language in the case at bar. In instruction No. 13 the jury were positively instructed that the killing must have been done by Dean, Rivette or Wray. The case was tried on that theory. The instruction in question, No. 14, is not as definite as it should be. It does, however, contain the following statements: "Where *three persons* determined to resist arrest * * * and *said persons* deliberately supplied themselves with arms * * * *all three of said persons* are guilty * * * providing * * * said killing was done purposely, deliberately and of *their* premeditated malice." (Italics ours.) A careful consideration of the instruction will show that the jury were instructed that they must find that the killing was done by one of the three persons. The instruction does not contradict any of the other instructions properly given. This court has held that, where a single

clause of an instruction is incomplete, it is not a sufficient ground for reversal, if, when the whole paragraph is read together, its meaning is clear and certain and it appears from the record that the jury could not have been misled thereby. *Blair v. State,* 72 Neb. 501. This instruction, when considered in connection with the other instructions given in the case, did not mislead the jury. In instruction No. 13 they were told: "And if you further find the deceased was killed of deliberate and premeditated malice *by one of the three,* all are equally guilty of the homicide." (Italics ours.) In instruction No. 15 they were told: "If, from the evidence, you are satisfied beyond a reasonable doubt that the defendant Sam Rivette, Walter Dean and the deceased Wray had entered into a conspiracy or agreement with each other to resist arrest, or that all three had such an intention if the occasion required, and had for that purpose procured weapons intending to use them and in so resisting arrest *one of them* shot Luceen Marshall and that the other two were present aiding and abetting and assisting in every way possible to further their escape, it is immaterial *which one of the three* resisting arrest fired the fatal shot, for the fatal shot is regarded in law to be the shot of any one of them or all of them." (Italics ours.) It seems clear that the jury were informed, in considering the instructions as a whole, that it was necessary for the state to show that defendant Sam Rivette, Walter Dean or Aubrey Wray fired the shot that killed Luceen Marshall. If the instructions, considered as a whole and construed together, present no erroneous statements of law, the fact that an isolated instruction may be indefinite or incomplete will not be considered prejudicially erroneous if the law is fully and correctly stated in other instructions. *White v. State,* 88 Neb. 177. The error complained of was not prejudicial to the defendant.

All other errors alleged in this case are identical with those considered in *Dean v. State, ante,* p. 466, and for the reasons set out in the opinion in that case, we hold that they were without prejudice to the defendant.

The record is free from prejudicial error and the judgment of the district court is

AFFIRMED.